ABNER LATTIMORE v. THOMAS DIXON.

Where a decree is made directing an account between the parties litigant to be taken without prejudice, and the account is taken and exceptions thereto are filed, it is too late for the defendant to demand a hearing of the cause by the Court, upon the question of his liability *to account*.

Objections to the power of the referee to pass upon the issues involved in the pleadings, should be made to the Court before the appointment of the referee, and before proceeding to hear the cause upon the report and the exceptions thereto filed.

Bill in Equity, heard before *Logan, J.*, at Spring Term, 1871, of CLEAVELAND Superior Court.

LATTIMORE *v*. DIXON.

The complainant in his bill, filed at Spring Term, 1868, of Cleaveland Court of Equity, alleged that he was formerly a slave, and belonged to Samuel Lattimore, who permitted him to accumulate money, by allowing him to work for himself, and by said means he was enabled to accumulate several hundred dollars ; that about the year 1858 the defendant informed complainant that he could manage his notes and money to greater advantage than could complainant, and, confiding in the promises and integrity of the defendant, he placed several notes in his hands to preserve and keep for complainant ; that defendant purchased your orator, who remained his slave till 1862, when he was sold by defendant to one Bedford ; that defendant has collected a good many of the notes due your orator, and wholly refuses to account for and pay over the money to complainant ; the complainant then prays that defendant be required to account, &c.

The defendant, in his answer, denied the allegations of the bill, and averred that complainant, being anxious for defendant to purchase him, proposed to give him several notes to aid in said purchase.   He then proceeds to give the names of the debtors to notes delivered to him, and the sums, &c. ; refers to the great loss of time of complainant, the expense he was to defendant, and alleges that complainant owes defendant. The defendant filed a demurrer, (*vide* case 63 N. C., which was overruled ;) and at Fall Term, 1869, defendant filed his answer.   After replications and commissions, it was referred to the Clerk of the Superior Court to take the account without prejudice.   The evidence taken is very voluminous, and the referee found the defendant indebted unto the plaintiff in the sum of one hundred and seventy dollars.

The plaintiff filed ten exceptions to the report of the Clerk ; amongst others, because he allowed but $25 for the Spaylor note, when the evidence was that it was for $40 or $50, which said exceptions are not necessary to be reported.

The defendant also excepted to the report :

1. Because the Clerk had no jurisdiction to determine the "issues" made in the pleadings, as to how the notes were received by the defendant, that being an issue to be tried by a Judge; therefore the Clerk had no power to charge defendant with the notes.

2. That being a reference without prejudice, and so stated on the docket, the defendant has now the right to have the issues arising on the pleadings, to be tried by a jury.

The report of the Clerk and the exceptions filed thereto by complainant and defendant, coming on to be heard before his Honor, he adjudged that the exceptions of complainant to said report be sustained, except "No. 5," which is not sustained, and that the exceptions of defendant be overruled. From which decree the defendant appealed.

*Bynum*, for complainant.
*Bragg & Strong*, contra.

BOYDEN, J. In this case, when before this Court, at January Term, 1869, upon the demurrer of the defendant, the demurrer was overruled, and it was decided that the plaintiff was entitled to a discovery. And at Fall Term, 1869, of the Superior Court of Cleaveland, the defendant filed his answer, and therein set forth the amount he had received of the plaintiff, and likewise the amount of the claims of the defendant against the plaintiff, according to which the plaintiff would be indebted to the defendant in the sum of one hundred dollars, or about that sum; and at the same term an entry was made referring the case to the Clerk to take the account without prejudice. Under this order, it is not doubted that if the defendant, in apt time, had required the cause to be heard, and the question of his liability to account, decided by the Court, he would have been entitled to have had his case brought on to a hearing, and the question of his liability to account determined by the Court.

But after this reference to the Clerk, without prejudice, to

take the account, this right must be demanded in apt time, and this apt time is before the account; and the exceptions are to be considered and passed on by the Court. So that if the defendant, instead of demanding that the cause shall be heard, and the question of his liability to account, determined by the Court, files his exceptions to the report, and then the Court proceeds to consider the report of the Clerk, and the exceptions filed thereto, on the part of the defendant and the plaintiff; he will be deemed and taken to have waived this right, and to have consented that the rights of the parties should be determined by the report, and the exceptions, just as if there had been a regular decree for an account upon the hearing, as upon a submission to account, in the answer.

The Court will never permit a defendant to take his chance of a decision in his favor, upon an account, taken without prejudice, and the exceptions thereto, and after that, demand a hearing of the cause, by the Court, upon the question of his liability to account, because the order to account was made without prejudice; such a course as that would be wholly irregular, a source of much inconvenience and delay, and contrary to the practice of the Courts, under such orders.

The defendant having consented to have this account taken, and when it was returned to the Court, filed his exceptions thereto without first insisting that the cause should be heard by the Court, cannot be heard thereafter to deny his liability to account. So, the cause here, as in the Court below, must be determined upon the account, and the exceptions thereto considered as exceptions to an account, where there had already been a decree fixing the liability of the defendant to account; in this way, and in this way only, can this case now be determined.

It is true, that in the exceptions, after first excepting as follows:

"1st. That the Clerk charges him with the notes, received from plaintiff, amounting to $365.95, which defendant alleges

were not received on account for plaintiff, but were given to defendant, to be used in payment for the purchase of plaintiff, and that they were so used as stated in defendant's answer."

The defendant files these two further exceptions:

" 2d. Because the Clerk had no jurisdiction to determine the issue made in the pleadings, as to how the notes were received by the defendant, that being an issue to be tried by the jury ; therefore the Clerk had no right to charge the defendant with the notes."

" 3d. That this being a reference without prejudice, and so stated on the docket, the defendant has now the right to have the issue made on the pleadings, determined by a jury."

Of what avail to the defendant can these exceptions be, filed as exceptions to an account by the Clerk ? They can have no tendency to show that the account is in any way erroneous or improper. These objections, if to be heard at all, should have been made to the Court, before filing exceptions to the report, and before proceeding to hear the cause upon the report, and the exceptions thereto filed.

There was much testimony taken in this cause, and some forty pages closely written, and much time spent thereon ; and, upon examining this mass of testimony, it leaves many of the charges on the part of the plaintiff and defendant in much doubt and perplexity. We think, however, that it is clearly established, that the defendant should be charged with forty dollars, instead of twenty-five dollars, for what is called the Spaylor debt ; the report of the Clerk must be reformed by making this addition to the amount found against the defendant by the report.

The ruling of his Honor upon this exception of the plaintiff, is sustained ; but as to all the other exceptions of the plaintiff, sustained by his Honor, his decision is reversed, and these exceptions disallowed, there being such a conflict of testimony upon these items of the account, that we feel unwilling to interfere with the report of the Clerk, where there is such a

conflict, when the Clerk has had an opportunity to hear and observe the witnesses and their demeanor when under examination before him, which has been denied to us. After reforming the account of the Clerk, by charging the Spaylor debt at $40, instead of $25, with interest thereon, from the time it is charged in the account upon the twenty-five dollars, there may be a deficit for the amount due him by the report, as thus reformed.

This suit being *in forma pauperis*, the defendant must pay his own costs.